IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MICHAEL CURTIS REYNOLDS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. 22-CV-3-SMY |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Petitioner Michael Curtis Reynolds filed a habeas corpus petition pursuant to 28 U.S.C. § 2241 (Doc. 1). Now pending before the Court is Reynolds' Motion for Leave to Proceed *in Forma Pauperis* ("IFP") (Doc. 3) and Motion for Declaratory Judgment (Doc. 6).

Pursuant to Rule 4 of the Federal Rules Governing Section 2254 Cases in United States District Courts, upon preliminary consideration by the district judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases, such as this action under 28 U.S.C. § 2241. Based on a review of the Petition, this case will be **DISMISSED**.

## Background

In 2007, a jury in the Middle District of Pennsylvania found Reynolds guilty of five terrorism-related crimes. *United States v. Reynolds,* Case No. 05-CR-493 (M.D. Pa.) (the "criminal case"). That court sentenced him to an aggregate term of 360 months imprisonment, which the Third Circuit affirmed. *United States v. Reynolds,* 374 F. App'x 356, 363 (3d Cir. 2011).

Reynolds' initial 28 U.S.C. § 2255 motion was dismissed on August 15, 2012 (Doc. 479 in criminal case); *Reynolds v. United States,* 2012 WL 12981962 (M.D. Pa. Aug. 15, 2012).

Since the denial of his § 2255 motion, Reynolds has been a prolific filer of habeas petitions, with at least 15 filed in this District alone. *See*, *Reynolds v. Williams*, Case No. 22-CV-1429-JPG (S.D. Ill. Sep. 30, 2022, Doc. 6) (listing Reynolds' habeas petitions in this District). These petitions are repetitive and similar in nature, invoking *Mathis v. United States*, 136 S.Ct. 2243 (2016), Rule 60/*Hazel-Atlas*, and the significance of his 1978 prior conviction. *Id.* Reynolds often files new petitions while older ones remain pending. See, e.g., *Reynolds v. United States of America*, Case No. 21-CV-901-SMY (S.D. Ill. Jul. 21, 2022, Doc. 6) (habeas petition pending before this Court alongside the instant petition).

**Instant Petition**

The instant petition is 39 pages and is not materially different than Reynolds' other *Mathis*-based petitions. In fact, Reynolds filed a nearly identical petition (and a similar motion for "declaratory judgment") that was recently dismissed with prejudice. *Reynolds v. Williams,* Case No. 22-cv-139-JPG (S.D. Ill., dismissed Mar. 31, 2022, Doc. 20). As was the case in that denied petition, Reynolds relies on *Mathis v. United States,* 136 S. Ct. 2243 (2016) to argue that his conviction should be void and that his 1978 previous conviction of "attempted arson" was wrongfully used to calculate his sentence (Doc. 1).[1]

Petitioners who invoke the § 2255(e) savings clause to proceed on a § 2241 habeas petition must satisfy three conditions: (1) the petitioner must rely on a case of statutory interpretation; (2) the new rule must be previously unavailable and apply retroactively; and (3) the error asserted must be grave enough to be deemed a miscarriage of justice, such as the conviction of an innocent

---

[1] Reynolds attached various cases with highlights and an "Exhibit Explanation" to his Petition (Doc. 1).

defendant. *Montana v. Cross,* 829 F.3d 775, 783 (7th Cir. 2016); *In re Davenport,* 147 F.3d 605, 610-11 (7th Cir. 1998). Reynolds' Petition does not trigger the savings clause; he is not relying on new statutory construction cases that he could not have previously invoked, as evidenced by his denied 2018 successive § 2255 petition. *Reynolds v. United States,* Case No. 18-cv-1977 (M.D. Pa., Docs. 565, 566, 662 in criminal case). As such, this case is subject to dismissal.

### Sanctionable Conduct

Reynolds declared in his IFP motion that he had "NOT had 3 or more civil actions dismissed as being frivolous, malicious, or for failure to state a claim and/or received 3 or more 'strikes' under 28 U.S.C. § 1915(g)" (Doc. 3, p. 1). This was not true. In fact, Reynolds had accumulated at least 3 strikes that he should have known about following a ruling by the Middle District of Pennsylvania. See, *Reynolds v. United States,* No. 14-cv-01733-RPC-JVW (M.D. Pa. Sep. 24, 2014) (Doc. 7) (citing three dismissed cases and dismissing Plaintiff's civil action pursuant to § 1915(g)). This was not an inadvertent misrepresentation.

This Court previously warned him about his failure to disclose these three strikes. *Reynolds v. Werlich*, Case No. 19-CV-731-NJR (S.D. Ill. Jan. 16, 2020, Doc. 8). And on August 16, 2022, this Court entered an order requiring Reynolds to show cause why he should not face sanctions for his conduct (Doc. 4). When pressed for a response, Reynolds noted that § 1915(g) is intended for civil rights claims but did not deny making the misrepresentation (Doc. 5).

Courts have the inherent authority to protect themselves from vexatious litigation by imposing fines and filing bans. Reynolds is warned that if he continues this pattern of conduct, this Court will have no choice but to impose sanctions, which may include summarily dismissing his habeas filings. *Alexander v. United States*, 121 F.3d 312, 315 (7th Cir. 1997).

**Disposition**

For the foregoing reasons, the Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (Doc. 1) is **DISMISSED**. All motions are **TERMINATED AS MOOT**.

If Reynolds wishes to appeal the dismissal of this action, his notice of appeal must be filed with this Court within 30 days after the entry of the judgment. Fed. R. App. P. 4(a)(1)(A). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the appeal deadline. Fed. R. App. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended. Other motions, including a Rule 60 motion for relief from a final judgment, do not toll the deadline for an appeal.

A motion for leave to appeal in forma pauperis ("IFP") must set forth the issues Petitioner plans to present on appeal. See Fed. R. App. P. 24(a)(1)(C). If Reynolds does choose to appeal and is allowed to proceed IFP, he will be liable for a portion of the $505.00 appellate filing fee (the amount to be determined based on his prison trust fund account records for the past six months) irrespective of the outcome of the appeal. See Fed. R. App. P. 3(e); 28 U.S.C. §1915(e)(2); *Ammons v. Gerlinger,* 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza,* 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch,* 133 F.3d 464, 467 (7th Cir. 1998).

**IT IS SO ORDERED.**

**DATED: December 13, 2022**

**STACI M. YANDLE**
**United States District Judge**